UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN EDWARD TAGHON, JR., )
)
          Plaintiff, )
)
          v. )   Cause No. 3:17-CV-508 JD
)
JULIE LAWSON, *et al.*, )
)
          Defendants. )

## OPINION AND ORDER

Stephen Edward Taghon, Jr., a prisoner without a lawyer, alleges that the defendants are impeding his ability to post bail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taghon alleges that he is being held in the St. Joseph County Jail on a $2,000 bond. He alleges that he could post bond if he could cash his $5,259.00 federal tax refund check. He alleges that the only way he can cash the check is by giving his mother power of attorney. He alleges that the defendants are preventing him from executing a power of attorney because they will not notarize it unless he pre-pays the $3.00 notary fee. He alleges that he is indigent and does not have $3.00 to pay the fee. The Fourteenth Amendment prohibits a State from denying a person liberty without due process of law. In *Vallone v. Lee*, 7 F.3d 196 (11th Cir. 1993), the court affirmed a

jury verdict for an inmate who alleged that the Sheriff violated his "right to due process by inhibiting his access to bail . . .." *Id*. at 198. Based on similar allegations in this case, Taghon has stated a claim.

For these reasons, the court:

(1) **GRANTS** Stephen Edward Taghon, Jr., leave to proceed against Julie Lawson, S. Richmond, and Miss Coleman in their individual capacities for compensatory and punitive damages for impeding his ability to post bail in violation of the Fourteenth Amendment;

(2) **GRANTS** Stephen Edward Taghon, Jr., leave to proceed against Julie Lawson, S. Richmond, and Miss Coleman in their official capacities for injunctive relief requiring them to notarize his power of attorney without prepayment of the $3.00 notary fee;

(3) **DISMISSES** all other claims**;**

(4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Julie Lawson, S. Richmond, and Miss Coleman with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Julie Lawson, S. Richmond, and Miss Coleman to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 14, 2017

                                                               /s/ JON E. DEGUILIO
                                                               Judge
                                                               United States District Judge